# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | |
|---|---|
| STEPHEN RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| vs. ) | |
| ) | |
| ABSOLUTE COLLECTION ) | |
| SERVICE, INC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, STEPHEN RICHARDSON, by and through his attorney, M. LYNETTE HARTSELL, and for his Complaint against the Defendant, ABSOLUTE COLLECTION SERVICE, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Hillsborough, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of North Carolina which has its principal place of business in Raleigh, North Carolina.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During the month of November 2009, representatives of Defendant began contacting Plaintiff in attempts to collect the aforementioned alleged debt. However, Plaintiff never received a written notice regarding the alleged debt, as required by 15 U.S.C. § 1692g(a).

8. On or about November 22, 2009, Plaintiff mailed a letter to Defendant requesting validation and verification of the alleged debt pursuant to 15 U.S.C. § 1692g.

9. Defendant did not provide Plaintiff with a full validation and verification of the debt as he requested. Instead, on or about November 24, 2009, Defendant sent another letter to Plaintiff in regard to the collection of the aforementioned alleged debt, stating that the alleged debt would be reported to the credit reporting bureaus.

10. Defendant did in fact report the alleged debt to the credit reporting bureaus before providing Plaintiff with a full validation and verification of the debt as he had requested.

11. During one conversation with a female representative of Defendant, Plaintiff advise her that he was disputing the alleged debt. Defendant's representative responded that Plaintiff could not dispute the alleged debt because he needed to get an attorney to do that for him.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

   b. Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a);

   c. Continuing collection activities without providing verification of the debt to Plaintiff after he requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g(b); and

   d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, STEPHEN RICHARDSON, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;

3

Case 1:10-cv-00358-UA-WWD   Document 1   Filed 05/05/10   Page 3 of 5

b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection

Agencies Engaged in the Collection of Debts From Consumers Statute)

14. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

a.  Using a fraudulent, deceptive or misleading representation, in violation of N.C. Gen. Stat.§ 58-70-110; and

b.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts From Consumers Statute.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, STEPHEN RICHARDSON, respectfully prays for a judgment against Defendant as follows:

4

a. Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
lhartsell@attorneysforconsumers.com